[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

Nos. 04-10035 & 04-12965

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00553-CV-F-N

COOSADA TRUCKING COMPANY, INC.,
a corporation,

                                        Plaintiff-Appellant,
                                        Cross-Appellee.

        versus

CIT FINANCIAL USA INC.,
a corporation,
f.k.a. Newcourt Financial USA, Inc.,

                                        Defendant-Appellee.
                                        Cross-Appellant.

.

_____

Appeals from the United States District Court
for the Middle District of Alabama

_____

(June 1, 2005)

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

This case is about a group of six disputed commercial loan payoffs between the parties; two of the loans were resolved by jury trial and four were resolved by bench trial. Plaintiff-Appellant-Cross-Appellee Coosada Trucking Company ("Coosada") appeals from two district court orders: one entering judgment on the bench-trial verdict in favor of Defendant-Appellee-Cross-Appellant CIT Financial USA ("CIT"), and one reducing the amount of punitive damages awarded to Coosada in the jury trial. CIT cross-appeals the jury verdict in favor of Coosada. We affirm the district court.

Coosada, a family owned trucking company in Alabama, executed six loans from two lenders[1] in 1997 and 1998: two loans totaling $414,000 (the "Newcourt" loans), and four loans totaling $1.21 million (the "Textron" loans). The Newcourt loan agreement explicitly allowed for Coosada to prepay the balances with no penalty fee; the Textron loan agreement did not. In an effort to refinance its debt, Coosada sought to pay off the Newcourt and Textron loans and contacted CIT for a payoff quote in June 1999. CIT issued the quote, which Coosada contends included a three percent prepayment penalty fee. After the payoff quote had expired, and after Coosada had made an additional round of monthly payments on

---

[1]Defendant CIT eventually became Coosada's lender on all six loans through a series of commercial acquisitions.

five of the six loans, Coosada paid the quoted payoff amounts on all six loans. CIT deemed the loans paid in full.

A year later in May 2001, Coosada sued CIT for fraud, deceit, negligence and wantonness, alleging that CIT illegally charged Coosada a prepayment penalty fee for the loan payoffs and wrongfully withheld the last set of monthly payments made by Coosada before Coosada paid off the loans. After suit was filed, CIT issued Coosada a refund of $53,000 in May 2003.

The Newcourt-loan claims went to a jury trial in September 2003. The jury awarded Coosada $4,480 in compensatory damages on those claims and further awarded $1.3 million in punitive damages. In a memorandum opinion and order entered 14 May 2004, No. 2:01-CV-553-F, the district court concluded that the punitive damages award was unconstitutional and reduced the award from $1.3 million (a punitive to compensatory ratio of 290 to 1) to $17,922 (a ratio of 4 to 1). The Textron-loan claims were decided at a bench trial in October 2003. In a memorandum opinion and order entered 2 December 2003, No. 01-F-553-N, the district court found for CIT and against Coosada on all claims in that trial.

After reviewing the record and hearing from the parties, we conclude the district court correctly disposed of all the issues before it in this case. The

memorandum opinions of the district court disposing of this case are thorough and well-reasoned.

AFFIRMED.